

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

■■ 2 1 2008

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBI RAE DAVIS, <br> PLAINTIFF, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:08-CV-009-Y |
| MICHAEL J. ASTRUE, <br> COMMISSIONER OF SOCIAL SECURITY, <br> DEFENDANT. | § § § § | |

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
AND
<u>NOTICE AND ORDER</u>

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>

A.    STATEMENT OF THE CASE

Plaintiff Bobbi Rae Davis filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits under Title II and supplemental security income or SSI benefits under Title XVI of the Social Security Act. She applied for SSI benefits and disability insurance benefits on June 27, 2005, alleging disability commencing that same date. Her applications were denied initially and on reconsideration, and she requested a hearing before an administrative law judge (the "ALJ"). ALJ William Helsper held a hearing, and on March 26, 2007,

issued a decision that Davis was not disabled and was not entitled to disability or SSI benefits because she was capable of performing a full range of sedentary work.[1] (Tr. 17, 292). The Appeals Council denied Davis's request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 10).

B.     STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §§ 404.1520(e), 416.920(e). And fifth, the

---

[1] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. §§404.1567(a), 416.967(a).

impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(f), 416.920(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley,* 197 F.3d at 198.

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir.2000); *Hollis,* 837 F.2d at 1383.

C. ISSUES

    1. Whether the ALJ properly assessed Davis's credibility;

    2. Whether the assessment of Davis's residual functional capacity is supported by substantial evidence; and

    3. Whether substantial evidence supports the ALJ's decision that Davis is capable of performing work existing in significant numbers in the national economy.

D.  ADMINISTRATIVE RECORD

Davis was born September 1, 1956. She earned her GED and has one year of college credits related to her training as a dietary manager. (Tr. 56, 295). Davis continued to work after her alleged onset date as a home health aide on a part-time basis, but her earnings did not rise to the level of substantial gainful activity. (Tr. 18, 90). She testified that she could lift a half-gallon container of milk; had difficulty performing prolonged standing, walking or sitting; had breathing problems; and had limited use of her non-dominant hand, but could tie her shoes and fasten buttons. (Tr. 296-305).

The ALJ found that Davis's severe impairments included diabetic neuropathy, asthma, chronic obstructive pulmonary disease (COPD), hypertension, carpal tunnel syndrome, obesity, and depression, but he found that she had no impairments that met or equaled the severity of any listed impairment. (Tr. 18, 21). He further found that she had the residual functional capacity (RFC) for a full range of sedentary work. (Tr. 20, 21). The vocational expert testified that an individual limited to sedentary work would be unable to perform any of Davis's past relevant work, but also testified that Davis had acquired skills that would transfer to sedentary work as a scheduling clerk, clerical checker, or information clerk. (Tr. 308-09). Although Davis could not return to her past relevant work, the ALJ found that her vocational profile coincided with the Medical Vocational Guidelines, which directed a finding of "not disabled."[2] (Tr. 21). See 20 C.F.R. Part 404, Subpart

---

[2] The Medical-Vocational Guidelines are rules for evaluating a claimant's disability in light of functional and vocational factors. *See generally* 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(a). When only exertional impairments are present, the Guidelines direct a finding of disability or non-disability based on the claimant's age, education, and work background. *Id.* If both exertional and nonexertional impairments are present, the Guidelines will be directly applied only if a Guideline rule concludes that the claimant is disabled based on his exertional or strength limitations alone; otherwise, the Guidelines are used merely as a framework for further evaluation of the claimant's disability. 20 C.F.R. §§404.1569a(d), 416.969a(d); 20 C.F.R. Part 404, Subpart P, App. 2, §200.00(e)(2).

P, App. 2, Table No. 1, Rules 201.15, 201.22. Accordingly, the ALJ found that Davis was not disabled for purposes of disability insurance benefits or SSI payments. (Tr. 22).

E. DISCUSSION

Davis complains that the ALJ made no finding regarding her credibility and that this error undermines his assessment of her RFC and ability to work. An ALJ is required to make a credibility finding regarding the claimant's subjective symptoms and complaints and to articulate the basis for such finding. 20 C.F.R. §§ 404.1529(b), 416.929(b); SOCIAL SECURITY RULING 96-7p. *See also Scharlow v. Schweiker*, 655 F.2d 645, 648-49 (5th Cir 1981).

In *Scharlow*, the Fifth Circuit reversed and remanded a disability determination case due to the ALJ's failure to make a credibility finding. *Id.* at 649. However, subsequent Fifth Circuit authority indicates that failure to make an explicit credibility finding does not always rise to the level of reversible error. *See Haywood v. Sullivan*, 888 F.2d 1463, 1469-71 (5th Cir. 1989). Clarifying its holding in *Scharlow*, the Fifth Circuit has observed that the ALJ in *Scharlow* based his decision solely on the medical evidence presented and excluded consideration of the claimant's subjective complaints. *Id.* at 1469. In contrast, the ALJ in *Haywood* had considered and accepted the claimant's allegations that she experienced pain, but nevertheless believed that such pain would not prevent the plaintiff from performing her past work. *Id.* at 1469-70. Because it was apparent that the ALJ had considered Haywood's subjective complaints and made implicit credibility findings that were supported by substantial evidence, the Fifth Circuit concluded that remand to allow the ALJ to make express credibility findings was unnecessary. *Id.* at 1470-71.

In Davis's case, unlike the circumstances in *Scharlow*, the ALJ did not base his decision

-5-

solely on the medical evidence presented, but instead considered Davis's subjective complaints in deciding that her RFC was more restricted than the light exertional range found by the state agency medical consultants at earlier stages of the disability determination process. (Tr. 20). Davis contends that the ALJ's assessment of her RFC is not supported by substantial evidence because, without an explicit finding regarding credibility, it must be assumed that the ALJ found her fully credible and her testimony should be taken at face value. The Fifth Circuit has deemed similar arguments spurious. *Haywood*, 888 F.2d at 1471 (dismissing argument that lack of credibility findings meant ALJ could not reject claimant's assertion that she could not perform past work). Moreover, this argument is contrary to the rationale in *Haywood*, where the Fifth Circuit found remand for a credibility determination was unnecessary where the ALJ had considered the plaintiff's subjective complaints but nonetheless failed to find disability based on substantial evidence in the record. *See id.* at 1469-71.

The ALJ considered Davis's subjective complaints, and based on the entire record, concluded that Davis retained the RFC for a full range of sedentary work. The ALJ made implicit credibility findings as part of his assessment of Davis's disability claims, and Davis has not shown that the ALJ's determination that she can perform a full range of sedentary work is unsupported by substantial evidence. Davis has not demonstrated that the ALJ's failure to make an explicit credibility finding in her case rises to the level of reversible error.

Davis also complains that the ALJ failed to ask the vocational expert about any conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). Social Security Ruling 00-4p places an affirmative duty on the adjudicator to inquire into possible conflicts

between vocational expert evidence and the DOT. SOCIAL SECURITY RULING 00-4p. But Davis fails to demonstrate that the ALJ's failure to inquire into the existence of any conflict was harmful or even relevant in her case. Davis does not allege that there were any actual conflicts in the vocational evidence that needed to be resolved. Moreover, the ALJ did not rely on the jobs that the vocational expert identified to support his decision at Step Five. The ALJ found that Davis was capable of the full range of sedentary work, which allowed the ALJ to directly apply the rules in the Medical-Vocational Guidelines. *See* 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(a). *See also Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999)(approving direct application of Guidelines when claimant suffers from only exertional impairments or when nonexertional impairments do no significantly affect RFC). Davis does not challenge the application of the Medical-Vocational Guidelines or otherwise demonstrate that the ALJ's determination at Step Five is unsupported by substantial evidence.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions

and recommendation until December 12, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until December 12, 2008 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED NOVEMBER 21, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE